UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BERNARD WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-01236-JRS-DML |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**Order on Motion for Partial Summary Judgment**

Plaintiff Bernard Walker sued his insurer, State Farm Mutual Automobile Insurance Company, alleging that it breached the insurance policy and the duty of good faith by denying Walker's claim for underinsured motorist coverage. State Farm moved for summary judgment on the bad faith claim, and, despite receiving an extension, Walker has not filed a response. When a party does not respond, "summary judgment, if appropriate, shall be entered against [that] party." *Longs v. City of South Bend*, 201 F. App'x 361, 363 (7th Cir. 2006) (citing Fed. R. Civ. P. 56(e)); *see also* S.D. Ind. L.R. 7-1(c)(5). Summary judgment in State Farm's favor is appropriate. Therefore, the Court grants State Farm's Motion for Partial Summary Judgment, (ECF No. 42), and denies as moot State Farm's Request for Hearing on Motion for Summary Judgment, (ECF No. 45).

Walker claims that State Farm acted in bad faith when it denied his claim for underinsured motorist coverage for injuries suffered to his shoulder following a car accident. (Compl. ¶¶ 8, 14, 32, 35, ECF No. 1-3; ECF No. 1-2 at 90–91.) Bad faith

1

arises when an insurer "denies liability knowing that there is no rational, principled basis" for doing so. *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 520 (Ind. 1993). However, a good faith dispute about whether the insured has a valid claim will not supply the grounds for a bad faith claim. *Id.*

Walker was rear-ended. (ECF No. 43-3 at 729–38.) The damage to his car totaled less than $1,700. (ECF No. 43-3 at 712.) Seven days after the accident, Walker sought treatment for neck and shoulder pain and nausea. (ECF No. 43-3 at 206.) Over three months later, Walker saw another doctor for shoulder pain, and X-rays revealed mild degenerative changes with no fracture or dislocation. (ECF No. 43-3 at 131–33.) Walker eventually had his rotator cuff repaired. (ECF No. 43-3 at 320.) The doctor who performed the operation made several findings, including that Walker's biceps showed "likely a chronic long head of biceps tendon rupture" and that the rotator cuff showed a tear and appeared "to have some chronic and degenerative changes." (ECF No. 43-3 at 320.) State Farm concluded that it could not determine that the accident caused Walker's torn rotator cuff. (ECF No. 43-2 at 391.) It refused to pay for the expenses associated with surgery and treatment, leading to this dispute. (*Id.*)

However, this dispute is nothing more than "a good faith dispute" about the validity of Walker's claim, which State Farm had a "rational, principled basis" for denying. *Erie Ins. Co*, 622 N.E.2d at 520. Photographs of the accident reflected minimal damage, (ECF No. 43-2 at 391; ECF No. 43-3 at 729–38); the accident involved relatively minor, rear-end impact that was not likely to lead to this type of

injury, (Lewis Aff. ¶¶ 14, 19, ECF No. 43-4 at 4–5; ECF No. 43-2 at 64); Walker had been treated inconsistently and infrequently, (ECF No. 43-2 at 64); and Walker's doctor noted that Walker's arm and shoulder showed "chronic" and "degenerative" changes, (ECF No. 43-3 at 320). State Farm requested additional information to address the causation issue, but it never received pre-accident medical records demonstrating a lack of prior shoulder issues or a report from a medical professional indicating that the injury was related to the accident. (Lewis Aff. ¶¶ 14, 21, 51, ECF No. 43-4 at 4–5, 11.) On these facts, Walker cannot establish, "with clear and convincing evidence, that [State Farm] had knowledge that there was no legitimate basis for denying liability." *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002) (citing *Ind. Ins. Co. v. Plummer Power Mower & Tool Rental, Inc.*, 590 N.E.2d 1085, 1093 (Ind. Ct. App. 1992)).

Walker also seeks punitive damages for State Farm's conduct. (Compl. ¶ 36, ECF No. 1-3 at 6.) "[I]n order to recover punitive damages in a lawsuit founded upon a breach of contract," as is the case here, "the plaintiff must plead and prove the existence of an independent tort of the kind for which Indiana law recognizes that punitive damages may be awarded"—like the tort of bad faith. *Miller Brewing Co. v. Best Beers of Bloomington, Inc.,* 608 N.E.2d 975, 984 (Ind. 1993). But since Walker cannot show that State Farm acted in bad faith, he cannot recover punitive damages.

In conclusion, State Farm's Motion for Partial Summary Judgment, (ECF No. 42), is **granted**, and its Request for Hearing on Motion for Summary Judgment, (ECF No. 45), is **denied as moot**. Walker's claim for breach of the duty of good faith is

**dismissed with prejudice**.  The Court requests that the Magistrate Judge meet with the parties to discuss settlement on Walker's remaining claim.

    **SO ORDERED.**

Date: 12/13/2021

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution to registered parties of record via CM/ECF.